UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADEL HASSAN HAMAD,

                           Plaintiff,

         v.

ROBERT M. GATES, et al.,

                           Defendants.

CASE NO. C10-591 MJP

ORDER DISMISSING
DEFENDANTS HILL, MCNEILL,
AND HARRIS FOR LACK OF
PERSONAL JURISDICTION

        This comes before the Court on Defendants' motion to dismiss (Dkt. No. 68.)  Having

reviewed the motion, Plaintiff's response (Dkt. No. 71), Defendants' reply (Dkt. No. 73), the

Court's order regarding reconsideration (Dkt. No. 79), Plaintiff's supplemental response (Dkt.

No. 86), Defendant's supplemental reply (Dkt. No. 94), and all related filings, the Court

GRANTS Defendants' motion and DISMISSES Defendants Hill, McNeill, and Harris for lack of

personal jurisdiction.

**Background**

        Plaintiff Adel Hassan Hamad ("Hamad") is suing United States military officials

("Defendants") for violations of the Fifth Amendment, international law and the Fourth Geneva

1  Convention. (Compl. ¶ 3.; ¶ 81-112.) A citizen and resident of Sudan, Hamad alleges he was a

2  humanitarian worker who was unlawfully detained in Pakistan, Afghanistan, and Guantanamo

3  Bay, Cuba, from July 2002 until December 2007. (Id. at ¶ 3.)  During his five and one-half years

4  of detention, Hamad alleges he was never charged with a crime. (Id. at ¶ 8.)

5      Plaintiff submits a supplemental response to Defendants' motion to dismiss based on lack

6  of jurisdiction.  (Dkt. No. 86.)  Hamad originally sued twenty-two United States officials.  The

7  Court dismissed all Defendants for lack of personal jurisdiction except for Defendants Robert

8  Gates ("Gates"), James T. Hill ("Hill"), Daniel McNeill ("McNeill"), and Harry B. Harris

9  ("Harris"). (Dkt. Nos. 74 and 79.)

10     The Court granted Plaintiffs leave for jurisdictional discovery with respect to Hill,

11 McNeill, and Harris.  Specifically, the Court held, "depending on their activities while stationed

12 in Washington state, [Defendants] may have purposefully availed themselves of this forum."  (Id.

13 at 4.)  Gates did not contest personal jurisdiction, therefore, the Court limited inquiry regarding

14 Gates to determining whether this case should be heard in the Seattle Division or the Tacoma

15 Division.

16                                  **Discussion**

17     To establish personal jurisdiction, a plaintiff must demonstrate that the exercise of

18 jurisdiction comports with both Washington state law and the Due Process Clause of the United

19 States Constitution.  See Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 850 (9th

20 Cir. 1993).  In Washington, both the state's long-arm statute and the state's statute conferring

21 general jurisdiction over nonresident defendants are co-extensive with constitutional standards.

22 See Wash.Rev. Code § 4.28.185 and 4.28.080(10); see also MBM Fisheries, Inc. v. Bollinger

23 Mach. Shop & Shipyard, Inc., 60 Wash.App. 414 (1991). Accordingly, the only inquiry is

24

ORDER DISMISSING DEFENDANTS HILL,
MCNEILL, AND HARRIS FOR LACK OF
PERSONAL JURISDICTION- 2

1  whether the exercise of jurisdiction complies with constitutional due process.  Amoco, 1 F.3d at

2  850.

3        Two separate inquiries are necessary under due process in assessing jurisdiction over a

4  nonresident defendant: (1) whether the defendant has the requisite contacts with the forum state

5  to render it subject to the forum's jurisdiction and (2) whether the assertion of jurisdiction is

6  reasonable.  Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987).  Specifically, a

7  plaintiff must show that the defendant has at least "minimum contacts" with the relevant forum

8  to ensure the exercise of jurisdiction "does not offend traditional notions of fair play and

9  substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal

10  quotation marks and citation omitted).  When considering a defendant's contacts with the forum,

11  courts either look to the time period up to when the complaint was filed or when the claims

12  arose.  Compare Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 569 (2d Cir. 1996)

13  (considering a defendant's contacts up to the date the suit was filed in a general personal

14  jurisdiction case) with Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913

15  (9th Cir. 1990) (considering the contacts existing when the claim arose in a specific jurisdiction

16  case).

17        "[T]he burden of proof is on the plaintiff to show that jurisdiction is appropriate, but . . .

18  the plaintiff need only make a prima facie showing of jurisdictional facts" to defeat a motion to

19  dismiss.  Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).  To determine whether the

20  plaintiff has met his burden as to personal jurisdiction, a court accepts the plaintiff's pleadings

21  and affidavits as true and any "[c]onflicts between the parties over statements contained in

22  affidavits must be resolved in plaintiff's favor."  Schwarzenegger v. Fred Martin Motor Co., 374

23  F.3d 797, 801 (9th Cir. 2004).

24

ORDER DISMISSING DEFENDANTS HILL,
MCNEILL, AND HARRIS FOR LACK OF
PERSONAL JURISDICTION- 3

1      1.   <u>Minimum Contacts – General Personal Jurisdiction</u>

2           Hamad concedes the Court may only assert jurisdiction over the Defendants based on

3    general personal jurisdiction and not specific jurisdiction since his claim does not arise out of,

4    and is unrelated to, Defendants' contacts with Washington.

5           To meet the minimum contacts requirement under "general personal jurisdiction," the

6    defendant must have engaged in "continuous and systematic general business contacts" that

7    "approximate physical presence" in the forum state.  <u>Helicopteros Nacionales de Colombia, S.A.</u>

8    <u>v. Hall</u>, 466 U.S. 408, 416 (1984); <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.</u>, 223 F.3d

9    1082, 1087 (9th Cir. 2000).  For general jurisdiction, it is not enough that the defendant "step

10   through the door" of the forum state, but that the defendant "has sat down and made himself at

11   home."  <u>Glenore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.</u>, 284 F.3d 1114 (9th Cir.

12   2002).  Factors courts consider are whether the defendant makes sales, solicits or engages in

13   business in the state, serves the state's markets, designates an agent for service of process, holds

14   a license, or is incorporated there.  <u>Bancroft</u>, 223 F.3d at 1086.  The relevant inquiry regarding a

15   defendant's contacts when a plaintiff asserts general jurisdiction is the time period prior to filing

16   the complaint. <u>See, e.g.</u>, <u>Metro. Life Ins. Co.</u>, 84 F.3d at 569 (collecting cases that consider as

17   few as three years prior to the complaint and up to seven years prior to the complaint when

18   analyzing jurisdiction.)

19          Here, the parties disagree as to the relevant time period.  Hamad requests the Court

20   "consider the long history of contacts Defendants have had with the forum over the last two

21   decades."  (Dkt. No. 86, Pltf's Br. at 13.)  Defendants argue the claim does not begin until

22   January 2003 when he was imprisoned in Guantanamo Bay.  The Court finds neither party's

23   argument persuasive.  Considering both when the complaint was filed and when the claim arose,

24

ORDER DISMISSING DEFENDANTS HILL,
MCNEILL, AND HARRIS FOR LACK OF
PERSONAL JURISDICTION- 4

1   the Court finds the relevant time period to largely be the same and considers Defendants'

2   contacts from July 2002 to April 2010, i.e., when Hamad was first seized in Pakistan and when

3   Hamad filed his complaint.  (Compl. ¶ 56.)

4            i.   Hill

5        Hamad argues the Court should assert general personal jurisdiction over Hill because Hill

6   previously lived in Washington, purchased a car in Washington, visited Washington several

7   times prior to the complaint's filing, and maintains a website referring to his activities in

8   Washington.  The Court disagrees.  Even considered as a whole, Hill's contacts with Washington

9   were not so continuous and systematic so as to establish general jurisdiction.

10       First, Hill's residence in Washington prior to the relevant period does not demonstrate

11  continuous and systematic contact with the forum.  Hill lived in Pierce County, Washington from

12  September 1999 until August 2002 while serving as Commanding General I at Fort Lewis.

13  Hill's contact with Washington, therefore, overlaps with the relevant time period by

14  approximately two months.  (Dkt. No. 86, Ex. 1 at ¶ 4 (Hill Aff.))  Since the relevant period

15  spans almost eight years, a two month residence in Washington is not enough to demonstrate

16  continuous and systematic contact with the forum state.  Hill's brief residence in Washington

17  when Hamad's claim first arose is not sufficient for general jurisdiction.

18       Second, for similar reasons, Hill's purchase of a car while residing in Washington is not

19  enough to assert general jurisdiction.  Hill purchased the car before the relevant period.  In

20  addition, even if Hill had bought it between July 2002 and April 2010, buying a car is not enough

21  to establish anything but an isolated contact with a forum state, let alone the continuous and

22  systematic contact necessary for the Court to assert general jurisdiction.

23

24

ORDER DISMISSING DEFENDANTS HILL,
MCNEILL, AND HARRIS FOR LACK OF
PERSONAL JURISDICTION- 5

1    Third, Hill's visits to Fort Lewis six times to conduct training exercises is not a sufficient

2    basis for general jurisdiction. (Dkt. No. 86, Ex. B at 3.)  A few visits to a state do not establish

3    "continuous and systematic" contact with a forum state.  Omeluk v. Langsten Slip & Batbyggeri,

4    52 F.3d 267, 270 (9th Cir. 1995) (declining to exercise general jurisdiction over a company

5    based on company's personnel making "a few visits" to Washington); see also Gates Learjet

6    Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir. 1986).  Courts focus on the "economic reality" of

7    a defendant's activities rather than a mechanical checklist.  Gates Learjet, 743 F.2d at 1331.

8    Here, Hill's visits were limited to conducting training exercises on behalf of Northrom

9    Grummann and no visit lasted more than ten days.  (Dkt. No. 86, Ex. B at 3.)  The economic

10   reality is that Hill's visits do not suggest Hill conducted continuous business in Washington

11   during the relevant period.

12    Fourth, Hamad's reliance on a website referencing Hill's work in Fort Lewis is

13   unavailing.  Hill's consulting firm, The J.T. Hill Group Inc., includes on its website a variety of

14   highlights from Hill's career.  (Dkt. No. 86, Skinner Decl., Ex. F.)  While the website refers to

15   two efforts Hill worked on while he was Commanding General of Fort Lewis, a green logging

16   program and a community relations program between Fort Lewis and the surrounding

17   community, Hamad's argument that the programs are a marketing source for Hill is far-reaching.

18   Reference to an activity undertaken prior to when the complaint was filed and prior to when the

19   claim arose does not suggest Hill engages in "continuous and systematic general business

20   contacts" with Washington.

21    To the extent Hamad cites Holt Oil & Gas Corp. v. Harvey, the Court finds Holt is

22   distinguishable.  801 F.2d 773 (5th Cir. 1986).  In Holt, the plaintiff was a Texas corporation and

23   the defendant was an Oklahoma resident who previously worked in Texas, owned property in

24

ORDER DISMISSING DEFENDANTS HILL,
MCNEILL, AND HARRIS FOR LACK OF
PERSONAL JURISDICTION- 6

1  Texas, conducted business in Texas, and occasionally visited his children in Texas.  Id. at 779.

2  Even though the defendant's individual contacts were insufficient to assert general jurisdiction,

3  the Fifth Circuit considered the contacts as a whole and held the defendant "maintained constant

4  and extensive personal and business connections with Texas" sufficient for general jurisdiction.

5  Id. at 779.

6       Here, even taken together, Hill's contacts with Washington are far less "extensive" than

7  in Holt.  The defendant in Holt lived in a neighboring state, was a director and investor in a

8  Texas-based company and the sole shareholder of a company owning several oil wells in Texas,

9  In contrast, Hill's contacts are limited to a two-month overlap in residency, a one-time car

10  purchase, and passing reference to past activities in Washington on a website.  Id.  In addition,

11  Hamad is not a resident of the forum.  Hamad has not shown Hill had the "constant and

12  extensive personal and business connections" as the defendant did in Holt.

13       The Court DISMISSES Hill for lack of personal jurisdiction.

14              ii.  McNeill

15       Hamad argues the Court should assert general personal jurisdiction over McNeill based

16  on McNeill's prior residence, his subsequent visits to Washington, and his expired hunting and

17  fishing licenses from 1997.  Again, the Court disagrees.

18       McNeill lived in Washington for eleven months from 1997 to 1998 while serving as

19  Deputy Commanding General at Fort Lewis, Washington.  (Dkt. No. 86, Ex. 2 at ¶ 5 (McNeill

20  Aff.))  Since then, McNeill has visited Fort Lewis approximately ten times in either his official

21  or personal capacities.  (Id., Ex. C at 3.)

22       As with Hill, McNeill's residence in Washington in the 1990s and subsequent visits to

23  Washington are not enough to establish a continuous and systematic presence approximating

24

ORDER DISMISSING DEFENDANTS HILL,
MCNEILL, AND HARRIS FOR LACK OF
PERSONAL JURISDICTION- 7

1   physical presence during the relevant period.  To the extent Hamad relies on McNeill's car rental

2   receipts, expired hunting licenses, and use of a car in the 1990s while stationed at Fort Lewis,

3   Hamad's argument is unpersuasive. The contacts, even combined, are negligible.  None suggest

4   McNeill engaged in "a great deal of business" in Washington or that McNeill "made himself at

5   home."  Holt, 801 F.2d at 779; Glenore Grain, 284 F.3d at 1125.

6          The Court DISMISSES McNeill for lack of personal jurisdiction.

7               iii.   Harris

8          Hamad argues the Court should assert general personal jurisdiction over Harris based on

9   Harris's prior residence, his subsequent visits to Washington, his car's previous registration, and

10  his property ownership in Washington.  Again, the Court disagrees.

11         Defendant Harris lived in Washington from 1994 to 1996, while stationed at the Naval

12  Air Station in Whidbey Island.  (Dkt. No. 86, Ex. D at 3.)  In 1994, Harris purchased a residential

13  property in Washington, which he continues to own along with an adjacent plot of land.  (Id.)

14  Using a property manager, Harris rents out the residential property.  (Id. at 12-14.)  While Harris

15  has never lived in the property since 1996, he has visited Washington four times to attend

16  various military ceremonies.  (Id. at 4.)

17         As with the other Defendants, Harris's prior residence in Washington, subsequent visits

18  to Washington, and previous Washington car registration, are not enough to demonstrate Harris

19  maintained a continuous and systematic presence in Washington.  While Harris owns property in

20  Washington, property ownership alone is not sufficient to establish general jurisdiction.  See

21  Holt, 801 F.2d at 779.  While Harris has owned property in Washington for fourteen years, the

22  property is unrelated to this litigation.  See Burnham v. Superior Court of California, 495 U.S.

23  604, 620 (1990)("[W]hen the 'minimum contact' that is a substitute for physical presence

24

ORDER DISMISSING DEFENDANTS HILL,
MCNEILL, AND HARRIS FOR LACK OF
PERSONAL JURISDICTION- 8

1   consists of property ownership it must, like other minimum contacts, be related to the

2   litigation."); <u>see also</u> <u>Shaffer v. Heitner</u>, 433 U.S. 186, 208-10 (1977).  Even considering Harris's

3   rental property, Harris's contacts with Washington during the relevant period are minimal.

4        The Court DISMISSES Harris for lack of personal jurisdiction.

5   **Conclusion**

6        The Court DISMISSES Defendants Hill, McNeill, and Harris, for lack of personal

7   jurisdiction.  Hamad fails to show that their contacts with Washington are sufficiently continuous

8   and systematic to establish jurisdiction.  Because Hamad fails to establish the minimum contacts

9   for due process, the Court need not consider whether assertion of jurisdiction would be

10  reasonable.

11       The remaining Defendant, Gates, submits that his residence is not within the Tacoma

12  territories.  Therefore, the Court finds the Seattle Division of the Western District of Washington

13  to be the proper forum for this case.

14       Per the parties' stipulation and order, Defendants have forty-five (45) days from entry of

15  this Order to raise any other preliminary defenses under Rule 12 of the Federal Rules of Civil

16  Procedure.  (<u>See</u> Dkt. No. 66.)

17       The clerk is ordered to provide copies of this order to all counsel.

18       Dated this 27th day of May, 2011.

19

20

21

22       Marsha J. Pechman
         United States District Judge

23

24

ORDER DISMISSING DEFENDANTS HILL,
MCNEILL, AND HARRIS FOR LACK OF
PERSONAL JURISDICTION- 9